# <u>Exhibit A</u>

**DECLARATION OF DJ HENNES**

I, DJ HENNES, declare as follows:

1.      I am the Acting Director of the Division of Market Oversight ("DMO") at the Commodity Futures Trading Commission ("CFTC").  I have been employed by the CFTC since May 2026, when I was named the Director of the Market Participants Division at the CFTC. On June 22, 2026, I was also named Acting Director of DMO.  I am submitting this declaration in my capacity as a representative of the CFTC.

2.      The mission of the CFTC is to promote the integrity, resilience, and vibrancy of the U.S. derivatives market through sound regulation.  DMO oversees the exchanges and facilities on which commodity derivatives trade, including the process of listing commodity derivatives for trading.  DMO implements and administers CFTC regulations to promote efficient, resilient derivatives markets and sound market structure.

3.      A derivatives exchange must be "designated" by the CFTC as a "contract market" to list commodity futures, options and certain swaps in the United States.  The CFTC "designates" a board of trade as a "contract market" through a formal application process. *See* Section 5(a) of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 7(a).  To be designated, and to maintain a designation, as a contract market, a board of trade must demonstrate compliance with statutory core principles (*see* 7 U.S.C. § 7(d)), including by:

   a.  Establishing, monitoring, and enforcing compliance with the rules of the contract market and prohibiting abusive trading practices;

   b.  Applying appropriate sanctions to anyone who violates contract market rules;

   c.  Listing only contracts not readily susceptible to manipulation;

   d.  Monitoring and preventing manipulation through market surveillance and

1

enforcement practices and procedures;

e. Creating a method to provide an open and efficient market; and

f. Maintaining rules and procedures to provide for the recording and safe storage of all identifying trade information, in a manner that enables the contract market to use the information to assist in the prevention of customer and market abuses and to provide evidence of any violations of the contract market's rules.

4. To be designated, and to maintain a designation, as a contract market, a board of trade is also required to comply with all applicable CFTC regulations. *See* 7 U.S.C. § 7(d); *see also* Part 38 of the CFTC's Rules governing Designated Contract Markets, 17 C.F.R. § 38 *et seq.*

5. As of the date of this declaration, 25 exchanges have active designations from the CFTC to operate as contract markets. Examples of designated contract markets ("DCMs") include KalshiEX LLC, North American Derivatives Exchange, Inc. e/b/a Crypto.com, QCX LLC d/b/a Polymarket US, and Gemini Titan, LLC.

6. After the CFTC has issued a contract market designation, the DCM may list new contracts for trading by "self-certifying" the contracts' compliance with the CEA and CFTC regulations. As part of its submission to the CFTC self-certifying a contract (including an event contract), a DCM must provide the CFTC with information including, among other things, the rules that set forth the contract's terms and conditions, and a certification that the contract complies with the CEA and CFTC regulations. *See* 17 C.F.R. § 40.2. If requested by CFTC staff, a DCM must provide any additional evidence, information or data that demonstrates that the contract meets the requirements of the CEA or the Commission's regulations or policies thereunder.

7. In my role as Acting Director of DMO, I am responsible for supervising DMO staff who I understand have received requests for guidance from DCMs in the wake of recent court

2

decisions requiring compliance with State-specific gambling laws and regulations.  For example, DCMs have sought guidance from DMO and CFTC staff as to appropriate steps to comply with CEA and CFTC regulations if or when ordered by a court to cease operations in particular States. DMO and other CFTC staff have devoted resources to assessing steps DCMs and other CFTC-registered may need to take to maintain compliance with the CEA and CFTC regulations in the event of such orders.  Those resources have necessarily been diverted from core functions of the CFTC, including supervising DCMs and other markets.  Steps taken by State authorities to enforce State gambling laws against CFTC regulated DCMs has complicated CFTC oversight of DCMs and other CFTC-registered entities.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 30, 2026

_____
DJ HENNES

3